JOSHUA HARRIS *et al.*, plaintiffs in error, *vs.* JAMES M. GRAY, executor, defendant in error.

The Limitation Act of March 16, 1869, applies as well to debts, the consideration of which was slaves or the hire thereof, as to other debts. That part of the Constitution of 1868, denying jurisdiction to the Courts of suits on such debts having been declared void by the Supreme Court, there was in fact no prohibition of such suits.

Statute of limitations.   Before Judge ROBINSON.   Jones Superior Court.   October Adjourned Term, 1872.

Gray, as executor of Nancy T. Parrish, deceased, brought complaint to the April term, 1872, of Jones Superior Court, against Joshua Harris and Arthur Harris, on a note made by said defendants on December 2d, 1862, whereby they promised to pay to the plaintiff, on December 1st, 1864, $1,445 00, with interest from date.

The defendants moved to dismiss the suit on the following grounds: That an action upon said note was first brought to the April term, 1870, of said Court, and dismissed, as appears from the entry made by the presiding Judge upon his docket, "for want of jurisdiction."   That a second suit was brought to the October term, 1871, which was again dismissed at the April term, 1872, by the following order:

"It appearing to the Court that the note sued upon in this action was given for the purchase of slaves; that it was given in 1862, and that this action has been brought since the adoption of the Constitution of 1868; it is, on motion of defendant's counsel, ordered, that said cause be dismissed upon the ground that this Court has no jurisdiction thereof."

It was admitted by plaintiff's counsel that these facts were true, and that no exceptions had ever been filed to the decisions of the presiding Judge in dismissing the two suits aforesaid.

Under this statement of facts the defendants contended that this suit was barred by the Act of March 16th, 1869.

The motion was overruled, and the defendants excepted.

LYONS & IRVIN; W. A. LOFTON, for plaintiffs in error.

BLOUNT & HARDEMAN, for defendant.

McCAY, Judge.

This was a motion to dismiss the plaintiff's suit, because, upon the face of his writ, it appeared that the debt was barred by the Limitation Act of March, 1869. The debt was due before the 1st of June, 1865, and this suit not brought until after January 1st, 1870. The reply to the motion was, first, that suit had been brought before the 1st of January, 1870; that at the October term, 1870, said suit was dismissed; that another suit had been brought within six months, which also was dismissed, and that the present suit was within six months of the dismissal of the second suit. It was stated, also, and does not seem to have been denied, that the note sued on was given for negroes. The present suit should have been brought by the 1st of January, 1870. Even if section 2972 of the Code should be held to be of force as to the Act of 1869, the present suit is not brought within six months from the dismissal of the first suit, and by the express terms of the Code, this privilege of suing again in six months can only be exercised *once*, if the debt be otherwise barred.

But it is said that as this was a negro debt, the plaintiff was prohibited from suing by the Constitution of 1868, and that the Act of 1869 cannot apply to his case. Assuming that the Act of 1869 does not apply to a case where plaintiff was prohibited by law from suing, the inquiry is, was he so prevented in this case? That part of the Constitution of 1868 which prevented him from suing, was void, as declared by the Supreme Court of the United States. He was not legally prohibited from suing. It is said, however, that practically he was prohibited; that the highest tribunal of the State so held. But a void law is no law; the plaintiff had a plain remedy. If the Judge of the Superior Court dismissed his suit he should have appealed to this Court, and if this Court refused him his rights, he had the right, and *it was*

Harris *et al.* *vs.* Gray.

his duty, to resort to the Supreme Court of the United States. On the question involved, an appeal would lie by writ of error. It is not true, therefore, that he was prohibited from suing. He ought not to have submitted to the dismissal of his suit in 1870. It is no reply to say that the Supreme Court of the State agreed with the Circuit Judge. In all cases where there is an appellate tribunal the legal question in dispute is not finally decided until the final tribunal has passed upon it. One might just as well say he acted on the opinion of a Justice of the Peace, or a Judge of a County Court, or the Judge of the Superior Court. From each of these there is an appeal finally to this Court, and on certain questions from this Court to the Supreme Court of the United States. We know of no justification for stopping at one point in the series rather than another. It will occur that Justices, Superior Court Judges, and Supreme Court Judges, will err. In such cases the only remedy is to appeal, and until the appellate tribunal has passed on the question no person has a right to consider it settled.

Every man must see to his own rights. If a Judge or a Court, even the highest Court of a State, decides one man's case, and he submit to the decision, and another man, whose case is decided on the the same principle, appeals and has the decision reversed, the party who failed to appeal gets nothing by the superior pluck or perseverance of the appellant. Nor can he complain. He could have got the same result by the same process.

We conclude, therefore, that the plaintiff was not prevented. True, the Judge so held, but the Judge was wrong; there was no valid law prohibiting suit. That part of the Constitution of the State is either good or bad. If it is good, the plaintiff's suit falls by it. If it is bad and allows him to sue now, it was always bad, and he could always have sued.

Judgment reversed.