## Case No. 14,254.

### TURNER v. EDWARDS.

[2 Woods, 435.] [1]

Circuit Court, N. D. Georgia. Sept. Term, 1875.

#### LIMITATION OF ACTIONS—ESTOPPEL.

A. pleaded to an action at law a matter which the court held to be a good defense, whereupon the suit was dismissed; but it was afterwards decided in another suit between other parties, by the court of last resort, that the defense so set up was not good. *Held*, that in a second action brought against A. for the same cause, he was not estopped by reason of his plea in the former case from setting up the statute of limitations as a defense, even though the bar of the statute had intervened since the dismissal of the first action.

At law. This cause was heard on plaintiff's motion for new trial.

E. N. Broyles, for the motion.

A. M. Speer and J. D. Stewart, contra.

[Before WOODS, Circuit Judge, and ERSKINE, District Judge.]

WOODS, Circuit Judge. The case is as follows: The constitution of Georgia of 1868 (section 18, par. 1) declares that "no court or officer shall have, nor shall the general assembly give, jurisdiction or authority to try or give judgment on, or enforce any debt, the consideration of which was a slave or slaves, or the hire thereof." An act of the legislature of Georgia, passed March 16, 1869, declared (section 6): "That all actions upon contracts, express or implied, or upon any debt or liability whatsoever, due the public or a corporation or a private individual or individuals, which accrued prior to the 1st day of June, 1865, and are not now barred, shall be brought by January 1, 1870, or both the right and the right of action to enforce it shall be forever barred." On the 26th of March, 1867, the plaintiff sued the defendant in the superior court of Henry county, Georgia, on a promissory note of the defendant, dated April 15, 1861, for $625. The defend-

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ant pleaded that the consideration of the note was the purchase price of a slave, and when the case was put on trial at the October term, 1869, he testified to the truth of his plea. Thereupon the court decided that it was without jurisdiction to proceed further, and the plaintiff dismissed his case. Afterwards at the December term, 1871, the supreme court of the United States, in the case of White v. Hart, 13 Wall. [80 U. S.] 647, decided that the clause in the constitution of Georgia, above quoted, had no effect on a contract made previous to its adoption, even though the consideration of the contract was a slave. At the time of the dismissal of the suit in the state court, the plaintiff was a citizen of Georgia. In September, 1870, he removed to the state of Texas and became a citizen of that state, and on April 17, 1872, he brought suit against the defendant in this court, on the same note. To this action the defendant pleaded the limitation of the act of March 16, 1869, above mentioned.

The plaintiff claimed that under the circumstances stated, the defendant was estopped from setting up the bar of that statute. The court refused to take this view, and the verdict went for the defendant. Solely upon the ground of the alleged error of the court in so refusing, the plaintiff now moves for a new trial.

We think there is no estoppel here. By setting up the plea of want of jurisdiction in the state court to give judgment on a note, the consideration of which was a slave, the defendant was doing what he had a right to do. That the consideration of the note was a slave was true; in addition to this fact the defendant simply stated in his plea the provision of the constitution of the state, which he conceived deprived the court of jurisdiction to try the case. There was no fraud in making this plea; and in afterwards setting up the bar of the statute to the suit, on the same note, the defendant was not "alleging or denying a fact contrary to his own previous action, allegation or denial;" nor "saying that to be false which by his means had once been accredited for the truth, and by his representations had led others to act." "The very meaning of estoppel is, when an admission is intended to lead, and does lead, the man with whom the party is dealing into a line of conduct which must be prejudicial to his interest, unless the party estopped be cut off from the power of retraction." Herm. Estop. 3, 8. The conduct of the plaintiff does not bring him within any of the definitions of estoppel. He has only exercised his own legal rights, first, in pleading want of jurisdiction to the action in the state court, and second, in pleading the statute of limitations in this court. The plaintiff has at all times been at liberty to resort to his legal remedies. If he has been misled or injured, it is not by any fraudulent or unconscionable conduct of the defendant, but by the mistake of the state court in sustaining a plea insuffi-

cient in law. If the plaintiff was not satisfied with the decision of the state court, he had his remedy, and should have pursued it.

The question raised in this case has been substantially decided by the supreme court of this state in the case of Harris v. Gray, 49 Ga. 585, and in that opinion we concur. See, also, Hudson v. Carey, 11 Serg. & R. 10.

Motion overruled.